NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ROBERT DRAKE EWBANK,

Plaintiff-Appellant,

v.

JEFF W. EMRICK, AKA Jeff Emerick, individually, and in his official capacity as (former) Deputy Director of AMHD of the Oregon Health Authority (OHA); ROBERT LEE, individually, former State of Oregon Housing Analyst and AMHPAC Olmstead/Housing Subcommittee co-Chair and volunteer; PAMELA MARTIN, individually and in her official capacity as (former) Director of the Addictions and Mental Health Division ("AMHD") of the Oregon Health Authority ("OHA"); LYNN SAXTON, individually, and in her official capacity as Director of the Oregon Health Authority; DARCY STRAHAN, individually and in her capacity as an AMHD supervisory manager; RICHARD WILCOX, in his official capacity Olmstead Plan Coordinator and assigned AMHPAC Olmstead/Housing Subcommittee staff; STATE OF OREGON; OREGON DEPARTMENT OF HUMAN SERVICES; OREGON HEALTH AUTHORITY; OREGON ADDICTIONS AND MENTAL HEALTH DIVISION, of

No. 23-35625

D.C. No. 6:17-cv-00187-MK

MEMORANDUM[*]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the Health Services Division; NICOLE CORBIN, individually and in her official capacity as AMHD/HSD Adult Services Coordinator,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding[**]

Submitted May 21, 2025[***]

Before:     SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Robert Drake Ewbank appeals pro se from the district court's summary judgment in his action alleging disability discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vinson v. Thomas*, 288 F.3d 1145, 1151 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on Ewbank's disability discrimination claim because Ewbank failed to raise a genuine dispute of material fact as to whether he was excluded from participation in state mental

---

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

health advisory board committees because of his disability and whether he was denied a reasonable accommodation. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999) (setting forth the elements of a prima facie case under Title II of the ADA, including that the dismissal or exclusion was "solely because of [the plaintiff's] disability"); *Vinson*, 288 F.3d at 1154 (explaining that the interactive process to consider an accommodation "is triggered upon notification of the disability and the desire for accommodation" and that the plaintiff bears "the initial burden of producing evidence that a reasonable accommodation was possible").

To the extent that Ewbank seeks to appeal the district court's dismissal of his remaining claims for failure to state a claim, we do not consider his contentions because he did not raise them in his earlier appeal. *See In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008) (holding that "we need not and do not consider a new contention that could have been but was not raised on the prior appeal" (internal quotation marks omitted)).

Ewbank's motion to appoint counsel (Docket Entry No. 36) and motion to supplement the record (Docket Entry No. 37) are denied.

**AFFIRMED.**